```
BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
   kwesley@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
   iwang@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ZAZZLE, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. §1114];**<br>(2) **COPYRIGHT INFRINGEMENT [17 U.S.C. §§101 et seq.];**<br>(3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>(4) **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)];**<br>(5) **COMMON LAW UNFAIR COMPETITION;**<br>(6) **CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br>(7) **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>(8) **VICARIOUS TRADEMARK INFRINGEMENT;**<br>(9) **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Atari Interactive, Inc., as and for its complaint against defendant Zazzle, alleges as follows:

## PARTIES

1. Plaintiff Atari Interactive, Inc. (collectively "Atari" or "Plaintiff") is a Delaware corporation with its principal place of business in New York, New York.

2. Plaintiff is informed and believes, and thereon alleges, that defendant Zazzle, Inc. ("Zazzle" or "Defendant") is a California corporation with its principal place of business in Redwood City, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act. See 17 U.S.C. §§101, *et seq.*; 15 U.S.C. §§1051, *et seq.* This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

4. Venue in this district is proper under 28 U.S.C. section 1391 because Zazzle is subject to personal jurisdiction here and Atari has suffered injury here.

5. This Court has personal jurisdiction over Zazzle because Zazzle is based in California and regularly markets and sells goods, including the goods in issue in this case, to customers in California.

## GENERAL ALLEGATIONS

A. **Atari is an Iconic Video Game Brand.**

6. Atari is one of the most famous video game brands in history. Founded in the early 1970s in California, Atari became *the* pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles – e.g., the Atari 2600 – that set new standards in design and function, and (b) a series of hit games – e.g., *Pong*, *Breakout*, *Asteroids*, and many others.

7. Atari became known to relevant consumers and the public at large by

1  its inherently distinctive trade name, as well as its inherently distinctive A-shaped or
2  "Fuji" logo design.  The Atari name and logo are depicted immediately below.

[ATARI logo]

11      8.    Atari has continued to market, promote, license, and sell products,
12  including a catalog of more than 200 well-known games, worldwide under the Atari
13  name and logo for over four decades.
14      9.    Video gamers new and old recognize and revere Atari's place as a very
15  well-known and iconic pioneer of the video game industry.
16      10.    Atari has expanded into a multi-platform, global interactive
17  entertainment company, adapting many of its classic games for online platforms
18  such as Facebook, smartphones, and tablets.
19      11.    Atari has developed, promoted, and distributed new interactive
20  entertainment and products, including a new VCS console (modeled off the design
21  of the original 2600 unit) that is currently being promoted and pre-sold on Indiegogo
22  and that has already raised more than $2.5 million in a matter of days.
23      12.    Atari has an active licensing business through which Atari has extended
24  its brand into other media, merchandising, and publishing categories.
25      13.    The Atari name, logo, and classic video games are valuable intellectual
26  property owned by Atari.  Atari therefore obtained registrations with the United
27  States Patent and Trademark Office for many of its trademarks and registrations
28  with the United States Copyright Office for many of its copyrights.

|   |   |   |
|---|---|---|
| 1 | a. | Through commercial use and contractual agreements with its |
| 2 |   | predecessors-in-interest, Atari is the owner of USPTO |
| 3 |   | Registration No. 4,214,210 for the ATARI name and logo used |
| 4 |   | in connection with, among other things, "printed matter, namely |
| 5 |   | posters, stickers" and "articles of clothing"; and Atari is the |
| 6 |   | owner of USPTO Registration No. 4,324,638 for the PONG |
| 7 |   | name used in connection with, among other things "printed |
| 8 |   | matter, namely posters, stickers" and "articles of clothing." |
| 9 |   | Appended hereto as Exhibits 1 and 2 are true and correct copies |
| 10 |   | of the aforementioned trademark registrations. |
| 11 | b. | Through contractual agreements with its predecessors-in-interest, |
| 12 |   | Atari is the owner of multiple copyright registrations for, among |
| 13 |   | others, the following video games, including the visual elements |
| 14 |   | thereof: *Centipede*, *Asteroids*, *Pong*, *Breakout*, *Missile* |
| 15 |   | *Command*, *Adventure*, *Combat*, and *Yar's Revenge*.  Through |
| 16 |   | extensive and continuous promotion and sales, unsolicited press, |
| 17 |   | and word of mouth, Atari owns common law rights in various |
| 18 |   | trademarks and trade dress, including the *Atari* name and logo, |
| 19 |   | the *Centipede*, *Asteroids*, *Pong*, *Breakout*, *Missile Command*, |
| 20 |   | *Adventure*, *Combat*, and *Yar's Revenge* names and graphics, and |
| 21 |   | the overall look and feel of the Atari 2600 game console and |
| 22 |   | joystick. |

**B.  Zazzle Knowingly Infringes Upon Atari's Intellectual Property Rights by Creating, Manufacturing, and Distributing Large Quantities of Counterfeit Atari Clothing and Printed Material.**

14.  Launched in 2005, Zazzle describes itself on its website as the "online marketplace for custom products." What Zazzle does not mention on its website is that it is also an online marketplace powered by a substantial quantity of counterfeit

1  goods.

2  15.  Through Zazzle's website, www.zazzle.com, visitors can upload designs that Zazzle then displays on a variety of apparel – from t-shirts to phone cases to stickers – pictured on the site.  Zazzle offers for sale the products on display.  If a visitor to the site orders a product, Zazzle makes, ships, and processes the payment for the product.  Zazzle then splits the profits with the person who originally uploaded the design.

16.  Zazzle is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from massive quantities of counterfeit Atari products.  Many of the counterfeit products incorporate exact replicas of the registered ATARI trademark (name and logo) on products in the classes for which the marks are registered.  Other counterfeit products incorporate easily identifiable depictions of the Atari 2600 console and joystick with the distinctive red button. A few examples are depicted below.  Many more are shown in Exhibit 3.







Atari Retro Gaming Console T-Shirt          Atari Joystick 1977 T-Shirt

17. In addition, Zazzle is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating copyrights owned by Atari. A few examples are depicted below. Many more are shown in Exhibit 3.

| CENTIPEDE | BREAKOUT | ASTEROIDS |
|---|---|---|
| |  |  |
| MISSILE COMMAND | YAR'S REVENGE | ADVENTURE |
|  |  |  |
| COMBAT | PONG | |
|  | | |
| Atari 2600 Combat Cartridge Artwork Sq... | Pong Atari 1972 T-Shirt | |

1069430.1

-5-
COMPLAINT

18. Zazzle's infringement is knowing and willful, as evidenced by (a) the sheer quantity of different counterfeit designs being sold by Zazzle, (b) the exact duplication of a variety of iconic Atari designs, and (c) Zazzle's pattern and practice of infringing upon the intellectual property rights of well-known brands.

19. Zazzle has profited from its unauthorized use of Atari's intellectual property through the sale of the infringing goods, and Zazzle's infringement has harmed Atari by cheapening and diluting the Atari brand, diverting profits from the sale of authentic Atari goods, and causing Atari to lose profits and licensing fees from the authorized use of its intellectual property.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting)

20. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

21. Atari is the owner of the registered ATARI and PONG trademarks for the categories of goods on which Zazzle is using the trademarks, as well as registered trademarks for the CENTIPEDE, ASTEROIDS, BREAKOUT, MISSILE COMMAND, COMBAT, and YAR'S REVENGE names (collectively, the "Atari Trademarks").

22. The Atari Trademarks are valid, protectable marks.

23. Zazzle is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks or nearly identical variations thereof.

24. Zazzle's use of the Atari Trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

25. Atari has never consented to Zazzle's use of its trademarks.

26. Zazzle infringed upon the Atari Trademarks and engaged in trademark counterfeiting willfully.

27. As a proximate result of the unfair advantage accruing to Zazzle from

using confusingly similar marks and deceptively trading on Atari's goodwill, Zazzle has made substantial sales and profits in amounts to be established according to proof.

28.   As a proximate result of the unfair advantage accruing to Zazzle from using similar or quasi-similar marks and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

29.   Unless restrained by the Court, Zazzle will continue to infringe Atari's trademarks. Pecuniary compensation will not afford Atari adequate relief for the damage to its trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Zazzle and their purported goods.

30.   Zazzle's acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products. Pursuant to 15 U.S.C. section 1117, Atari is, therefore, entitled to recover three times its actual damages or three times Zazzle's profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Zazzle's possession.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

31.   Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

32.   Atari has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in

1 | and to the original expression in the following copyrights that have been duly
2 | registered with the U.S. Copyright Office: *Centipede*, *Asteroids*, *Pong*, *Breakout*,
3 | *Missile Command*, *Adventure*, *Combat*, and *Yar's Revenge*.

4 |     33.    Zazzle had access to Atari's copyrighted works as established by,
5 | among other things, (a) the widespread availability of pictures of Atari-made or
6 | Atari-licensed products incorporating those copyrights, (b) the fact that Atari's
7 | copyrighted games are well known in the industry and in the public, (c) the striking
8 | similarity between the expression used on the infringing goods and the expression in
9 | Atari's copyrights, and (d) the fact that Zazzle affirmatively advertises the infringing
10 | goods through the use of the Atari trade name.

11 |     34.    Zazzle infringed Atari's copyrights by advertising, marketing, creating,
12 | displaying, offering for sale, selling, distributing, and profiting from products
13 | incorporating protectable expression taken from Atari's copyrights, without Atari's
14 | permission.

15 |     35.    Zazzle infringed Atari's copyrights willfully.

16 |     36.    Atari is entitled to actual damages and Zazzle's profits, in an amount to
17 | be proven at trial.

18 |     37.    Alternatively, Atari is entitled to statutory damages in an amount no
19 | less than $150,000 per copyright.

20 |     38.    Zazzle's acts have caused and will continue to cause irreparable harm
21 | to Atari unless restrained by this Court. Atari has no adequate remedy at law.
22 | Accordingly, Atari is entitled to an order enjoining and restraining Zazzle and all
23 | those acting in concert with Zazzle, during the pendency of this action and
24 | permanently thereafter, from manufacturing, distributing, importing, exporting,
25 | marketing, offering for sale, or selling copies or substantially similar copies of
26 | Atari's copyrights.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution)

39. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

40. The ATARI and PONG trademarks are widely recognized by the general consuming public of the United States.

41. Zazzle's unauthorized use of the ATARI and PONG trademarks has the effect of tarnishing and blurring Atari's authentic trademarks.

42. Atari is entitled to recover damages and/or Zazzle's profits in an amount to be determined at trial.

43. Atari is entitled to an order preliminarily and permanently enjoining Zazzle from using its trademarks in the future.

44. Because Zazzle has willfully intended to cause dilution of Atari's trademarks, Atari is further entitled to recover its costs of suit and reasonable attorney's fees, pursuant to 15 U.S.C. sections 1117 and 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin)

45. Atari re-alleges and incorporate herein by reference each and every allegation set forth above.

46. The Atari Trademarks, as well as the overall look and feel of Atari's 2600 console and joystick (the "2600 trade dress"), are inherently distinctive and have also acquired secondary meaning through extensive promotion and sales, over unsolicited press, and word of mouth for over four decades.

47. Zazzle is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks and the 2600 trade dress or nearly identical variations thereof.

48. Zazzle's use of the Atari Trademarks and the 2600 trade dress is likely to cause confusion among ordinary purchasers as to the source of the goods.

49. Atari has never consented to Zazzle's use of its trademarks or trade dress.

50. Zazzle infringed upon Atari's trademarks and trade dress willfully.

51. As a proximate result of the unfair advantage accruing to Zazzle from using similar or quasi-similar marks and trade dress and deceptively trading on Atari's goodwill, Zazzle has made substantial sales and profits in amounts to be established according to proof.

52. As a proximate result of the unfair advantage accruing to Zazzle from using confusingly similar marks and trade dress and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

53. Unless restrained by the Court, Zazzle will continue to infringe Atari's trademarks and trade dress. Pecuniary compensation will not afford Atari adequate relief for the damage to its trademarks, trade dress, and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Zazzle and their purported goods.

54. Zazzle's acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products. Pursuant to 15 U.S.C. section 1117, Atari is, therefore, entitled to recover three times its actual damages or three times Zazzle's profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Zazzle's possession.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

55. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

56. Zazzle's unauthorized use of Atari's trademarks and trade dress is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Zazzle's products.

57. Atari has been, and will continue to be, damaged and irreparably harmed by the actions of Zazzle unless Zazzle is enjoined by this Court.

58. Atari has no adequate remedy at law.

59. Atari is entitled to recover damages and/or Zazzle's profits in an amount to be determined at trial.

60. Atari is informed and believes, and thereon alleges, that Zazzle committed the foregoing acts with the intention of depriving Atari of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Atari's rights. Atari is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

## SIXTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement and Counterfeiting)

61. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

62. Zazzle has been and continues to be aware of – and has been and continues to contribute to – the infringement of Atari's trademarks and the use of counterfeit Atari products on its site. The infringing and counterfeit products are prominently displayed and promoted on Zazzle's website. Zazzle's website is configured so that a search for "Atari" or other Atari trade names will lead directly to the infringing and counterfeit goods. Zazzle creates and distributes the infringing and counterfeit goods to the end consumer and facilitates the financial transactions.

63. Alternatively, Zazzle has remained willfully blind to the infringement and/or counterfeiting of Atari trademarks on its website and on the products it creates and distributes to the end consumer.

64. Atari has been damaged by and Zazzle has profited from Zazzle's contributory trademark infringement and counterfeiting.

65. To remedy Zazzle's contributory trademark infringement, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

### SEVENTH CLAIM FOR RELIEF
(Contributory Copyright Infringement)

66. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

67. Zazzle has been and continues to be aware of – and has been and continues to contribute to – the infringement of Atari's copyrights on its site. The infringing products are prominently displayed and promoted on Zazzle's website. Zazzle's website is configured so that a search for "Atari" or other Atari trade names will lead directly to the infringing goods. Zazzle creates and distributes the infringing goods to the end consumer and facilitates the financial transactions.

68. Alternatively, Zazzle has remained willfully blind to the infringement of Atari copyrights on its website and on the products it creates and distributes to the end consumer.

69. Atari has been damaged by and Zazzle has profited from Zazzle's contributory copyright infringement.

70. To remedy Zazzle's contributory copyright infringement, Atari is entitled to all of the remedies set forth above for direct copyright infringement.

### EIGHTH CLAIM FOR RELIEF
(Vicarious Trademark Infringement and Counterfeiting)

71. Atari re-alleges and incorporates herein by reference each and every

1 allegation set forth above.

2   72.   Zazzle and the third parties who design and upload the infringing designs are in an apparent or actual partnership, have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing products. Zazzle is thus vicariously liable for the trademark infringement and counterfeiting of the third parties who design and upload the infringing designs onto the Zazzle site.

73.   Atari has been damaged by and Zazzle has profited from Zazzle's vicarious trademark infringement and counterfeiting.

74.   To remedy Zazzle's vicarious trademark infringement and counterfeiting, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

### NINTH CLAIM FOR RELIEF

(Vicarious Copyright Infringement)

75.   Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

76.   Zazzle enjoys a direct financial benefit from the copyright infringement on its website. Zazzle gets paid a percentage of every sale of every product displayed on the site. The availability of the infringing goods also draws customers to the site, which causes Zazzle to make money both through the sale of the infringing goods and through the sale of all goods displayed on its site.

77.   Zazzle has the legal right to stop or limit the copyright infringement on its website and the practical ability to do so. Zazzle has the ability and means to monitor its site for infringing designs and the right to remove them.

78.   Atari has been damaged by and Zazzle has profited from Zazzle's vicarious copyright infringement. To remedy Zazzle's vicarious copyright infringement, Atari is entitled to all of the remedies set forth above for direct

copyright infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendant, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with Defendant, from:

    a. designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Atari's copyrights;

    b. designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates or is marketed in conjunction any Atari trademark or trade dress;

    c. representing or implying, directly or indirectly, to retailers, customers, distributors, licensees, or any other customers or potential customers of Defendant's products that Defendant's products originate with, are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with Plaintiff;

2. For an order requiring the destruction of all of Defendant's infringing products and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3. For an accounting of all profits obtained by Defendant from sales of the infringing products and an order that Defendant hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of all profits earned by Defendant from their infringing acts;

5. For compensatory damages according to proof;

6.     For statutory damages of no less than $150,000 per registered copyright and no less than $2 million per registered trademark;

7.     For pre-judgment interest on all damages awarded by this Court;

8.     For reasonable attorney's fees and costs of suit incurred herein; and

9.     For such other and further relief as the Court deems just and proper.

Dated: June 27, 2018

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ivy A. Wang

By:   s/ Keith J. Wesley
        Keith J. Wesley
Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

1069430.1

-15-

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 27, 2018

BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Ivy A. Wang


By:   s/ Keith J. Wesley
        Keith J. Wesley
Attorneys for Plaintiff
ATARI INTERACTIVE, INC.