BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

Ryan Koppelman (State Bar No. 290704)
ALSTON & BIRD LLP
1950 University Ave, 5th Floor
East Palo Alto, California 94303
Telephone: (650)838-2000
E-mail: ryan.koppelman@alston.com

Jason D. Rosenberg (*Admitted Pro Hac Vice*)
Mary Grace Gallagher (*Admitted Pro Hac Vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404)881-7000
Email: jason.rosenberg@alston.com
Email: marygrace.gallagher@alston.com

Attorneys for Defendant Zazzle, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ZAZZLE, INC., <br><br> Defendant. <br><br> AND RELATED ACTIONS | Case No. 3:18-cv-03843-JST <br> [*Related to Case Nos. 3:18-cv-03451-JST; 3:18-cv-04115-JST; 4:18-cv-04949-JST*] <br><br> Hon. John S. Tigar <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: October 17, 2018 <br> Time: 2:00 pm <br> Crtrm.: 9 |

Pursuant to this Court's July 10, 2018, Clerk's Notice Setting Case Management Conference, Dkt. No. 17, and following the conference of counsel on September 28, 2018, all parties herein, through their respective counsel, respectfully submit the following joint statement in advance of the October 17, 2018, case management conference.

## 1. Jurisdiction and Service.

All parties agree that this Court has subject matter jurisdiction and personal jurisdiction. All parties agree that defendant Zazzle Inc. ("Defendant" or "Zazzle") has been served.

## 2. Facts.

### A. Plaintiff's Summary of the Facts

Plaintiff Atari Interactive, Inc. ("Plaintiff" or "Atari") is one of the most famous video game brands in history. Founded in the early 1970s in California, Atari became the pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles – e.g., the Atari 2600 – that set new standards in design and function, and (b) a series of hit games – e.g., Pong, Breakout, Asteroids, and many others. Atari became known to relevant consumers and the public at large by its inherently distinctive trade name, as well as its inherently distinctive A-shaped or "Fuji" logo design.

Atari has marketed, promoted, licensed, and sold products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades. Atari also has an active licensing business through which Atari has extended its brand into other media, merchandising, and publishing categories. It goes without saying that video gamers – new and old – recognize and revere Atari's place as a very well-known and iconic pioneer of the video game industry.

Accordingly, the Atari name, logo, and classic video games are valuable intellectual property owned by Atari, and Atari has taken significant steps to protect

1  them from infringement.  Atari obtained registrations with the United States Patent
2  and Trademark Office for many of its trademarks and registrations with the United
3  States Copyright Office for many of its copyrights.  Through commercial use and
4  contractual agreements with its predecessors-in-interest, Atari is the owner of
5  USPTO Registration No. 4,214,210 for the ATARI name and logo used in
6  connection with, among other things, "printed matter, namely posters, stickers" and
7  "articles of clothing"; and Atari is the owner of USPTO Registration No. 4,324,638
8  for the PONG name used in connection with, among other things "printed matter,
9  namely posters, stickers" and "articles of clothing."
10         Through contractual agreements with its predecessors-in-interest, Atari is also
11  the owner of multiple copyright registrations for, among others, the following video
12  games, including the visual elements thereof:  *Centipede, Asteroids*, *Pong*,
13  *Breakout*, *Missile Command*, *Adventure*, *Combat*, and *Yar's Revenge*.  Through
14  extensive and continuous promotion and sales, unsolicited press, and word of
15  mouth, Atari also owns common law rights in various trademarks and trade dress,
16  including the Atari name and logo, the *Centipede, Asteroids*, *Pong*, *Breakout*,
17  *Missile Command*, *Adventure*, *Combat*, and *Yar's Revenge* names and graphics, and
18  the overall look and feel of the Atari 2600 game console and joystick.
19         Atari understands and believes that Defendants operate an online marketplace
20  through their website, www.zazzle.com, where visitors can upload designs that
21  Defendants then display on a variety of apparel – from t-shirts to phone cases to
22  stickers – pictured on the site.  Defendants offer for sale the products on display.  If
23  a visitor to the site orders a product, Defendants make, ship, and process the
24  payment for the product.  Defendants then split the profits with the person who
25  originally uploaded the design.
26         This year, as part of its intellectual property enforcement efforts, Atari
27  discovered that Defendants were advertising, marketing, creating, displaying, and
28  offering for sale a variety of counterfeit Atari products.  Many of the counterfeit

products incorporated exact replicas of the registered ATARI trademark (name and logo) on products in the classes for which the marks are registered.  Other counterfeit products incorporated easily identifiable depictions of the Atari 2600 console and joystick with the distinctive red button, or designs from Atari's copyrighted video games.

Atari thus sued Defendants for trademark infringement, counterfeiting, copyright infringement, trademark dilution, false designation of origin, unfair competition, contributory trademark infringement, contributory copyright infringement, vicarious trademark infringement, and vicarious copyright infringement.  Atari seeks actual damages, Defendants' wrongful gain, statutory damages, treble damages, punitive damages, attorney's fees and costs, and permanent injunctive relief.

### B. Defendant's Summary of the Facts

Defendant Zazzle objects to Plaintiff's argumentative and one-sided summary of the facts. It disagrees with many of Plaintiff's characterizations, but will not attempt to refute them here. Needless to say, Zazzle disputes that it has engaged in any infringement of Plaintiff's alleged intellectual property. Furthermore, Zazzle certainly has not engaged in any willful infringement.

By way of background, Zazzle, headquartered in Redwood City, California, is an online service provider that hosts a platform where artists can upload and showcase their art and where customers can view and order prints of that art in various forms and on various products, including phone cases, mugs, and t-shirts. Contrary to the accusations made by Atari in this action, Zazzle does not tolerate infringement of third-party intellectual property rights on its platform.   In fact, Zazzle requires all users of Zazzle's service to warrant both that (i) they own or have the necessary rights to any content being uploaded and (ii) the content does not infringe the intellectual rights of any third-party.  Zazzle also responds expeditiously to remove allegedly infringing content upon receipt of a valid DMCA takedown

1  request, or other red-flag knowledge of infringement. In addition, when a customer
2  places an order for a printed product, that order is submitted to a review process
3  designed to block the production of potentially infringing products.  Each order goes
4  through Zazzle's Content Management Team, or "CMT."  The CMT is a group of
5  human beings – not an algorithm – that reviews the digital mock-up to make an
6  independent, considered decision as to whether the ordered product appears to
7  infringe a third party's IP rights (to the extent it is possible to make that
8  determination based on information known to Zazzle's Content Management Team).
9       With respect to Atari's claims in this action, at no time was Zazzle aware of
10 the allegedly infringing content on its website; in fact, Zazzle had no notice of
11 Atari's claims until this lawsuit was filed. Zazzle promptly thereafter conducted an
12 investigation and removed the allegedly infringing content that it could find. Zazzle
13 also discovered that the actual sales of potentially Atari-related products through
14 Zazzle's platform—even over a period of many years—is *de minimis*. Atari is aware
15 of this information, but it is continuing to press this case, apparently seeing the
16 prospect of statutory damages coupled with unsupported allegations of willfulness
17 as a potential windfall.  Zazzle is forced to defend.

18 **3.    Legal Issues.**

19     **A.    Plaintiff's Summary of the Key Legal Issues**

20      At this early stage, Plaintiff anticipates the key legal issues will be the
21 following:

22 •    Does Atari own valid trademarks and copyrights?
23 •    Did Defendant infringe upon any of Atari's trademarks and copyrights?
24 •    Did Defendant infringe willfully and/or with malice, fraud, or reckless
25      disregard for Atari's rights?
26 •    What amount of damages – whether actual damages, wrongful profits,
27      statutory damages, and/or punitive damages – should be awarded to
28      Atari?

- Is any party entitled to attorneys' fees and costs, and, if so in what amount?
- Is Atari entitled to permanent injunctive relief, and, if so, in what form?

B. **Defendant's Summary of the Key Legal Issues**

- Are Atari's federally registered trademarks valid?
- Does Atari own protectable rights in the trademarks and trade dress at issue?
- Does Atari own valid copyrights in the works at issue?
- Did Zazzle infringe any of Atari's intellectual property rights?
- Is Zazzle liable for counterfeiting based on any of Atari's marks?
- Did Zazzle willfully infringe any of Atari's intellectual property rights?
- Is Zazzle immune from suit under the safe harbors provided by the Digital Millennium Copyright Act or other law?
- Are damages appropriate, and, if so, whether actual damages, profits, or statutory damages are the proper measure of damages?
- Is any party entitled to attorneys' fees and costs, and, if so, for what claims and in what amount?
- Is permanent injunctive relief appropriate?

4. **Motions.**

Zazzle's deadline to respond to the complaint is October 16, 2018, and Zazzle has not yet determined whether it will file a motion to dismiss some or all of the claims in this case. The parties do not anticipate filing any other early motions, e.g, a motion to compel arbitration. Both parties believe, at this juncture, that it is likely they will file motions for summary judgment or partial summary judgment.

5. **Amendment of Pleadings.**

At this time, no party anticipates amending the pleadings. To the extent Atari discovers, through the discovery process or its own further investigation, additional trademarks or copyrights that it believes Defendant infringed or additional persons

or entities responsible for the alleged infringement, then Atari will likely seek to amend the complaint to include those additional trademarks or copyrights or defendant at that time.

**6.  Evidence Preservation.**

The parties have reviewed the ESI Guidelines and confirm that they have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidence in this action.

**7.  Disclosures.**

The parties have agreed to exchange initial disclosures on or before October 31, 2018.

**8.  Discovery.**

The parties have discussed the discovery they anticipate serving.  Each side anticipates noticing depositions of Rule 30(b)(6) representatives and serving written discovery in the form of document demands and perhaps interrogatories or requests for admissions.  The parties may notice additional depositions – e.g., depositions of witnesses disclosed in initial disclosures – but require additional information before determining the scope of those additional depositions.  The parties have already entered into a stipulated protective order protecting certain confidential and commercially sensitive information that may be disclosed in discovery.  Counsel have, to date, worked collaboratively and professionally together, and they will endeavor to do so throughout the discovery process so as to avoid unnecessary motion practice.

**9.  Class Actions.**

This is not a class action.

**10.  Related Cases.**

This case is related to three other cases currently pending before this Court: *Atari v. Redbubble*, *Atari v. TP Apparel, et al.*, and *Atari v. SunFrog*.

/ / /

**11.    Relief.**

Atari seeks actual damages, Defendant's wrongful gain, statutory damages, treble damages, punitive damages, attorney's fees and costs, and permanent injunctive relief.  The amount of actual damages and wrongful gain requires additional discovery.  To remedy trademark counterfeiting, Title 15, U.S.C. section 1117(c) provides for $1,000 to $200,000 in damages per counterfeit mark infringed for non-willful infringement, and up to $2 million in damages per counterfeit mark infringed for willful infringement.  To remedy copyright infringement, Title 17, U.S.C. section 504 provides for $750 to $30,000 in damages per copyright infringed for non-willful infringement, and up to $150,000 in damages per copyright infringed for willful infringement.

Defendant seeks dismissal of the Complaint, with prejudice. Defendant further seeks related costs and attorney's fees, as the Court deems appropriate, for defending this matter due to Plaintiff's overaggressive and unreasonable assertion of purported intellectual property rights.

**12.    Settlement and ADR.**

The parties have agreed to private mediation, which is scheduled for October 11, 2018.  The parties are also amenable to participating in a settlement conference with a Magistrate Judge if the Court believes such a conference would be beneficial at a future stage.

**13.    Consent to Magistrate Judge for all Purposes.**

The parties have not consented to a Magistrate Judge for all purposes.

**14.    Other References.**

The parties do not believe any other references are appropriate at this time.

**15.    Narrowing of Issues.**

At this time, the parties do not believe there are issues that can be narrowed by agreement or motion.  As stated above, the parties respectively intend to move for summary judgment or partial summary judgment after obtaining discovery.

1  **16.    Expedited Trial Procedure.**

2       The parties do not believe this case is appropriate for the Expedited Trial
3  Procedure of General Order No. 64 Attachment A.

4  **17.    Scheduling**

5       **A.    Plaintiff's Proposed Schedule**

6       Trial:                                September 23, 2019

7       Pretrial Conference:                  August 30, 2019

8       Last Day to Hear Dispositive Motions: July 18, 2019

9       Discovery Cutoff:                     June 17, 2019

10      Last Day to Designate Experts:        April 1, 2019

11      Last Day to Designate Rebuttal Experts: May 1, 2019

12      **B.    Defendant's Proposed Schedule**

| Expert Reports for Party Bearing Burden of Proof (Atari) | April 1, 2019 |
| --- | --- |
| Expert Reports for Party Not Bearing Burden of Proof (Zazzle): | May 1, 2019 |
| Rebuttal Reports: | June 1, 2019 |
| Discovery Closes: | July 15, 2018 |
| Summary Judgment Motions (if any) | 60 days after close of discovery |
| *Daubert* Motions (if any) | 60 days after close of discovery |
| Pretrial Conference: | As soon as the Court deems appropriate after ruling on pending motions. |
| Trial: | As soon after the pre-trial conference as the Court deems appropriate.  The Court to set deadlines for final pretrial conference and other pre-trial filings, motions *in limine*, jury instructions, witness lists, pre-trial |

|  | conferences, etc. |
|---|---|

**18. Trial.**

The case will be tried to a jury.  The parties estimate a 5-7 day trial.

**19. Disclosure of Non-Party Interested Entities or Persons.**

Plaintiff has filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Plaintiff submits that the only applicable entity required to be disclosed is Atari Interactive, Inc.

**20. Professional Conduct**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Respectfully Submitted:


DATED:  October 9, 2018         BROWNE GEORGE ROSS LLP
                                Keith J. Wesley
                                Ivy A. Wang


                                By:   */s/ Ivy A. Wang*
                                      Ivy A. Wang
                                Attorneys for Plaintiff Atari Interactive, Inc.


DATED:  October 9, 2018         ALSTON & BIRD LLP
                                Ryan Koppelman
                                Jason D. Rosenberg (*Pro Hac Vice*)
                                Mary Grace Gallagher (*Pro Hac Vice*)


                                By:   */s/ Jason D. Rosenberg*
                                      Jason D. Rosenberg
                                Attorneys for Defendant Zazzle Inc.